HARRY BERMAN, Appellant, *v.* JACOB PELTZ, Respondent.

Supreme Court, Appellate Term, First Department, April 14, 1924.

Replevin — Municipal Court, city of New York — motion to vacate requisition and dismiss complaint denied — proper practice is to answer and go to trial — indorsement on summons sufficient.

In an action of replevin in the Municipal Court of the city of New York a motion by the defendant to vacate the requisition of replevin and dismiss the complaint is wholly irregular and unauthorized and should be denied. The proper practice is for the defendant to answer and go to trial.

The defendant's contention that the indorsement on the summons, which was served without a complaint, " action to replevy cattle owned by the plaintiff and unlawfully detained by defendant," did not sufficiently state a cause of action and that the description of the chattels to be seized was insufficient is without merit; moreover the moving papers show that the parties knew exactly what chattels were referred to.

APPEAL by plaintiff from an order of the Municipal Court of the city of New York, borough of Manhattan, second district, granting defendant's motion to set aside the requisition of replevin and dismissing the complaint.

*Max Rothenberg*, for the appellant.

*Jacob I. Polstein (Jacob Zelenko*, of counsel), for the respondent.

*Per Curiam.* This action was begun by plaintiff by the service of a summons on October fifth, indorsed " action to replevy cattle owned by the plaintiff and unlawfully detained by defendant." Defendant's attorney served a notice of appearance on October eleventh stating that defendant " appears in this action, and that I am especially retained as attorney " and demanding a copy of the complaint and other papers. Just what this appearance is intended to mean except that it is a general appearance we are unable to determine. On October sixteenth defendant obtained and served an order to show cause why the requisition should not be vacated and the action dismissed. This is based on a number of affidavits to which plaintiff submitted affidavits in opposition making a number of preliminary objections, one of which at least is a complete answer to the motion, namely, that defendant's procedure is wholly irregular and unauthorized in that the appropriate course is to answer and go to trial. *Herman* v. *Rubin*, 161 N. Y. Supp. 335. It is, therefore, superfluous to call attention to the fact that plaintiff's other objection is also good, namely, that defendant was already then in default for want of an answer. Moreover, defendant's contention that the indorsement on the summons did not sufficiently state a cause of action and that the description of the chattels to be seized was insufficient is without merit.

Incidentally, it may be remarked that the moving papers show that all parties knew exactly what chattels were referred to.

Defendant's main contention, however, is that the Municipal Court was without jurisdiction to entertain the action because sections 70 and 73 of the Municipal Court Act provide that no action may be brought therein for conversion or replevin " arising on " a chattel mortgage or a contract of conditional bill of sale. The affidavits submitted on the instant motion disclose, however, that plaintiff claims to be the purchaser of the chattels involved at auction sale. Whether this was lawfully and regularly held or not is a question to be determined on the trial. At all events the action is not upon a chattel mortgage or conditional bill of sale.

Order reversed, with ten dollars costs, and motion denied, with ten dollars costs, with leave to defendant to serve an answer within five days after service of order entered hereon on payment of costs.

All concur; present, BIJUR, McCOOK and CRAIN, JJ.

Ordered accordingly.